**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-------------------------------------------------------------------x**
**PAUL HYUN,**

**1:26-cv-04134**

**Plaintiff,**

**-against-**

**COMPLAINT**

**LVNV FUNDING, LLC,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC., and**
**TRANSUNION, LLC,**

**Defendants.**
**-------------------------------------------------------------------x**

Plaintiff PAUL HYUN ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants LVNV Funding, LLC ("LVNV Funding"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANSUNION, LLC ("TransUnion"), and alleges the following, upon information and belief:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant LVNV Funding for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation of Plaintiff's disputes of inaccurate information on his credit reports. Defendant LVNV Funding further violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. by attempting to collect a debt that Plaintiff did not owe. Specifically, LVNV continued to attempt to collect a debt arising from a fraudulent utility account incurred in Texas that Plaintiff never opened and where Plaintiff has never resided.

2. Plaintiff brings this action against Defendants Equifax, Experian, and TransUnion – the three major national consumer reporting agencies – for violating the FCRA, 15 U.S.C. § 1681 *et seq*., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq*., by failing to conduct reasonable reinvestigations after Plaintiff disputed the fraudulent charge. Defendants refused to investigate the dispute even after Plaintiff wrote letters to each Defendant, complete with identification documents and explanations of his nonresidence in Texas.

3. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, but not limited to, adverse impact on Plaintiff's credit rating, inferior results when submitting applications that involve a credit score check, expenditure of time and resources, and emotional distress.

4. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*., and the NY FCRA, N.Y. GBL § 380 *et seq*.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

6. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, a natural person, is a resident of the State of New York, and Kings County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9. Defendant LVNV Funding is a Delaware corporation, duly authorized and qualified to do business in the state of New York. LVNV Funding qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. LVNV Funding further qualifies as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant TransUnion is an Illinois corporation, duly authorized and qualified to do business in the State of New York. TransUnion qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

## FACTUAL BACKGROUND

13. On July 23, 2025, Plaintiff received a notification from Experian that he owed $417 to LVNV Funding that was listed as a derogatory collections account on his report.

14. Plaintiff immediately contacted a representative of LVNV Funding and was told that the account pertained to a utility account that was opened in Texas.

15. Plaintiff did not open the account or authorize anyone to open the account, and did not benefit from it in any manner. Plaintiff has resided in New York City for over fifteen years and has never resided or owned any property in Texas.

16. Plaintiff thereafter checked his Experian, Equifax, and TransUnion reports and saw the LVNV Funding collections account on those reports as well.

17. Plaintiff wrote to Experian, Equifax, and TransUnion on or around February 10, 2026, disputing the LVNV Funding account.

18. Plaintiff notified the consumer reporting agencies that the account was not his, that he had never resided in Texas, and in fact that he had been a resident of New York City for the past fifteen years.

19. Plaintiff provided the signature page of his passport and a recent bank statement for the purposes of identification and proof of address.

20. On or about February 13, 2026, Experian sent Plaintiff a separate communication regarding a request to block information from his credit file based on identity theft pursuant to 15 U.S.C. § 1681c-2, advising him that an identity theft report and additional documentation would be required to process a block. This communication did not address Plaintiff's pending dispute of the LVNV Funding account.

21. On or about the same date, separate and apart from Experian's communication regarding the identity theft block described above, Plaintiff contacted Experian by telephone to confirm that his February 10, 2026 letter regarding the LVNV Funding account had been received and

would be investigated. Experian's representative stated that Experian could not process the dispute until it confirmed receipt of that letter.

22. The Experian representative stated that while Plaintiff should have filed a police report, Experian would dispute the charge, and Plaintiff would receive his results via email after a thirty-day processing period.

23. On February 24, 2026, TransUnion and Equifax provided Plaintiff with the results of their investigations, refusing to remove the fraudulent LVNV Funding charge from Plaintiff's account.

24. Experian likewise provided Plaintiff with a credit report that included the LVNV Funding charge on April 22, 2026.

25. Experian, Equifax, and TransUnion each forwarded Plaintiff's dispute regarding the account to LVNV Funding for verification.

26. LVNV Funding failed to review Plaintiff's supporting documentation or conduct a reasonable investigation of Plaintiff's dispute and instead verified to the three consumer reporting agencies that the subject account was accurate and belonged to Plaintiff, without reviewing the identification documents and information Plaintiff had submitted showing that he had never resided in Texas.

27. The three consumer reporting agencies relied solely on LVNV Funding's verification of the account and failed to conduct their own independent, reasonable reinvestigations of Plaintiff's dispute, notwithstanding the documentation Plaintiff had provided directly to each of them.

28. As of this date, each of the defendant consumer reporting agencies continues to inaccurately report the fraudulent LVNV Funding charge as belonging to Plaintiff, destroying his otherwise excellent credit profile.

29. Plaintiff has suffered harm as a result of each of the defendant consumer reporting agencies' actions, including denials of credit, receiving credit offers on an inferior basis, expenditure of time and resources, and emotional distress.

## **FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

30. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. Defendants Equifax, Experian, and TransUnion each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff, as that term is defined in the FCRA. *See* 15 U.S.C. § 1681a(d).

32. These reports erroneously included fraudulent charges not incurred by Plaintiff.

33. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's dispute of the erroneous information associated with the subject utility account.

34. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

35. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed

erroneous payment information associated with the subject utility account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

36. After receiving notification of Plaintiff's disputes from Equifax, Experian, and TransUnion, Defendant LVNV Funding willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of Plaintiff's disputes of the erroneous payment information associated with the subject utility account, and failing to review all relevant information regarding Plaintiff's disputes thereof.

37. Defendant LVNV Funding willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting Defendants in conducting its investigations of the subject account.

38. Accordingly, Defendants are liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Experian, and TransUnion only

39. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. Defendants Equifax, Experian, and TransUnion each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff, as that term is defined in the NY FCRA. *See* N.Y. GBL § 380-a(c)(1).

41. Such reports erroneously included false and derogatory payment information associated with the subject utility account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380-j(a)(3).

42. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's disputes of the erroneous payment information associated with the subject utility account.

43. Defendants Equifax, Experian, and TransUnion willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the utility account from Plaintiff's file after failing to verify the completeness and accuracy of that information.

44. Defendants each published credit reports regarding Plaintiff containing the erroneous payment information associated with the subject utility account, causing the Plaintiff to suffer economic harm including, but not limited to, an adverse impact on Plaintiff's credit rating, inferior results when submitting applications that involve a credit score check, expenditure of time and resources, and emotional distress.

45. Accordingly, Defendants are liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

46. Plaintiff is thus further entitled to an injunction requiring the consumer reporting Defendants to remove the erroneous payment information associated with the subject utility account from Plaintiff's credit file, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE FDCPA
Against Defendant LVNV Funding

47. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48. Defendant LVNV Funding is a debt collector as defined in 15 U.S.C. § 1692a(6).

49. Defendant LVNV Funding violated 15 U.S.C. § 1692e(8) by communicating false credit information that Defendant LVNV Funding knew or should have known was false to the consumer reporting agency Defendants regarding the subject disputed debt.

50. Defendant LVNV Funding violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the subject disputed debt.

51. Defendant LVNV Funding violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that Plaintiff did not owe.

52. Plaintiff suffered harm as a result of Defendant's violations of the FDCPA including but not limited to damage to his credit and emotional distress.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN**

Dated: July 9, 2026

Respectfully Submitted,

________*s/ Kevin Mallon*

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*